Welch, J.
We see no error in the instruction of the court. It has already been ruled at the present term, in the case of O’Meara v. The State,† that the rule of the common law, by which a female child under ten years of age is, prima facie, held incapable of giving consent to an act of carnal knowledge, is to be regarded as the law of Ohio. If the court were right in so ruling, there was, of course, no error in charging, as the court did in the present case, that the presumption of inability attaches when the child is under six years of age.
But we are of opinion that the court erred in refusing to rule out so much of the testimony of the physician as was objected to on behalf of the prisoner. A medical or other professional witness, can *484 not be allowed to give opinions outside *of his art or profession. The witness in this case had already declared his inability to form-any opinion of the disease of the child from mere inspection and examination. As a question of science, he said it was impossible to determine whether the disease was gonorrhoea or vaginitis, the symptoms and appearances of the two diseases being indistinguishable. But he was permitted to express to the jury his opinion, that the disease was gonorrhoea, founded in part upon the fact that he found that disease upon the father. The opinion thus expressed necessarily involved the further opinion, that the father had been in contact with her in such a way as to communicate the-disease. "Whether the father had so been in contact with her, was not a subject-matter of professional opinion. It was a question of fact for the jury, determinable by ordinary evidence, and requiring' no peculiar science or skill. The physician might properly have been permitted to say, as a matter of professional science, that the disease was in his opinion contagious; or that, if the father had been in contact with her, he would give it as his opinion-that her disease was also gonorrhoea. But he had no right, directly or indirectly, to express any opinion as to the fact that the father-had been so with her; because his opinion, as to that fact, must necessarily have been formed upon hearsay, or other incompetent testimony.
Nor do we think the bad effect which this testimony was calculated to have upon the minds of the jury, was obviated or countervailed by the charge of the court. The jury were told by the court, that the fact that the prisoner had gonorrhoea, was not to be regarded by them as evidence that the disease of the child was the same; but they were not told to reject the opinion of the physician, or not to regard it as evidence that the father had been with the-child so as to communicate the disease.

Judgment reversed, and cause remanded for a new trial.

Day, C. J., and White, Brinkerhoee, and Scott, JJ"., concurred..

 Ante, p. 515.